UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE SHELDON Born
Shapiro, Member of Legal De Jure
Legal Sovereignty in North America,

    Plaintiff,

v.                                CASE NO. 8:20-cv-2526-T-60SPF

SHERI MARIE GOLDEN SHELDON,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court construes Plaintiff's application as motion for leave to proceed *in forma pauperis*. Plaintiff seeks a waiver of the filing fee for his complaint (Doc. 1), which does not state a claim upon which relief may be granted and contains frivolous allegations.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefore. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without

merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

As an initial matter, it appears that Plaintiff is attempting to file a criminal complaint (*see* Doc. 1 at 1, 2, 9). An individual, however, cannot initiate criminal proceedings in federal court. *DeCesare v. State of Fla. Dep't of Mgmt. Servs.*, No. 4:10cv244-SPM/WCS, 2010 WL 3610212, at *1 (N.D. Fla. Aug. 13, 2010). As such, the Court construes the pleading as a civil complaint. Plaintiff's complaint, however, contains conclusory, random, disjointed assertions and unintelligible theories and causes of action. Whatever causes of action Plaintiff is attempting to allege, his complaint fails to establish federal question jurisdiction or diversity jurisdiction.

Moreover, Plaintiff's complaint appears frivolous. Plaintiff alleges that he is a member of the De Jure Legal Sovereignty in North America and that "the De Jure Sovereign member is the ultimate legal authority on a territory" (Doc. 1 at 9). The complaint then sets forth a disjointed combination of conclusory allegations of hate crimes by "the illegal and criminal De Facto United States leadership" against his "legal and rightful De Jure Sovereign authority" (Doc. 1 at 4) and of complaints of domestic issues with his ex-wife, Sheri Marie Golden Shelden, including reference to a petition for injunction for protection against domestic violence filed by her in state court (*see* Doc. 1 at 5, 11, 12-13, 30-36).

Complaints by "sovereign citizens," which allege unintelligible theories and causes of action, are regularly dismissed as frivolous. *See Townsend v. Georgia*, CV418-303, 2019 WL 1009421, at *2 (S.D. Ga. Feb. 11, 2019) (collecting cases), *adopted in* 2019 WL 1005199; *Roach v. Arrisi*, No. 8:15–cv–2547–T–33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)

(noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of ... the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that "[sovereign citizens'] theories should be rejected summarily, however they are presented"); *Stafford v. United States*, 208 F.3d 1177, 1178 (10th Cir. 2000) (noting federal courts regularly reject tax protests by "sovereign citizens" as frivolous); *Cooper v. Williams*, No. 16-3963, 2016 WL 4943363, at *1 n.1 (E.D. Pa. Sept. 16, 2016) (characterizing "the plaintiff's notions of his sovereign citizenship" as frivolous); *see also West v. Bornunda*, 698 F. App'x 224 (5th Cir. 2017) (dismissing appeal by "sovereign citizen" because it was frivolous); *Schlager v. Beard*, 398 F. App'x 699 (3d Cir. 2010) (same). Indeed, the Eleventh Circuit has repeatedly found "sovereign citizen" legal theories to be frivolous. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be "wholly insubstantial and frivolous"); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting courts summarily reject theories from "sovereign citizens" as frivolous). The same holds true here for Plaintiff's complaint. The "sovereign citizen" allegations in Plaintiff's complaint are frivolous because they lack "an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Moreover, to the extent Plaintiff complaint can be construed as challenging a pending enforcement action against him, it would be barred by the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37, 91 (1971). The *Younger* doctrine bars federal court intervention

3

in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003); *see Pompey v. Broward Cnty.*, 95 F.3d 1543 (11th Cir.1996) (finding abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement proceedings on Sixth and Fourteenth Amendment grounds).

Finally, leave to amend Plaintiff's complaint would be futile because a more carefully drafted complaint could not save Plaintiff's claims. *See Trevino*, 687 F. App'x at 862 (citing *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed….")).

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. Plaintiff's complaint (Doc. 1) be deemed frivolous and **DISMISSED WITH PREJUDICE**.

3. The Clerk be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on November 1, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.


cc:   Hon. Thomas P. Barber
      Plaintiff, *pro se*